IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
No. 3:11-CV-00122

| | |
|---|---|
| SLEP-TONE ENTERTAINMENT CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| KEITH GARNER et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Reconsideration of the Court's Order severing all Defendants except Keith Garner from this action [D.I. 38], and on Defendants Collin Yarbrough and Steven Penny's Response [D.I. 41]. Plaintiff did not file a Reply brief in the time allowed and this matter is ripe for decision.

On October 6, 2011, this Court issued a written Order [D.I. 37] setting forth the following:

> For the reasons set out herein, the Motions to Dismiss are DENIED. Plaintiff's claims against all Defendants except Keith Garner are SEVERED from this action. Plaintiff shall file new separate actions against each of the remaining severed Defendants within thirty (30) days and pay the requisite filing fees. Any such actions should be filed in the venue where the Defendant resides. Failure to comply with the filing requirements of this Order will result in the dismissal, with prejudice, of those claims not pursued against particular Defendants. Plaintiff shall report back to the Court regarding the status of its compliance with the filing requirements set forth herein.

As an initial note, Plaintiff's Motion for Reconsideration [D.I. 38] of this Court's Order is improperly brought pursuant to Fed. R. Civ. P. 60. Rule 60 pertains to relief from a final judgment, order, or proceeding, and Rule 60 is not available for relief from an interlocutory order. *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F. 2d 1462, 1469 (4th Cir. 1991). The Order of this Court dated October 6, 2011 is interlocutory and Plaintiff's Motion for Reconsideration should have been filed pursuant to Rule 54(b), which provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties... may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Thus, in fairness to the parties, this Court will not deny Plaintiff's Motion outright and instead will address Plaintiff's Motion under the Rule 54(b) standard.

Rule 54(b) provides in part that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b) (2009); *American Canoe Assoc., Inc. v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003) (distinguishing motions to reconsider a final judgment with motions to reconsider interlocutory orders and explaining that less stringent standard applies to the latter); *see also Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983) (reconsideration is discretionary). Motions for reconsideration of an interlocutory order are appropriately granted upon (1) the discovery of new evidence, (2) an intervening development or change in the controlling law, or (3) the need to correct a clear error or prevent manifest injustice. *See Pender v. Bank of America, Corp.,* 2011 WL 62115 (W.D.N.C. Jan. 7, 2011) (*internal citations omitted*);

*Faris v. SFX Entm't, Inc.,* 2006 WL 3690632, *8 (W.D.N.C. Dec. 12, 2006) ("Reconsideration by re-argument is not proper under Rule 54.").

Having reviewed the briefing submitted by both parties, the Court is inclined to reconsider its Order dated October 6, 2011 only to clarify the deadline for compliance with the filing requirement. The Order's specification of a 20 day filing deadline on page 8 amounts to a typographical error. The filing deadline listed on page 9, 30 days, is the correct filing requirement.

This Court, however, declines to reconsider any of the other mandates set forth in its October 6, 2011 Order because those decisions do not amount to clear error or work any manifest injustice.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Reconsideration [D.I. 38] of this Court's October 6, 2011 Order [D.I. 37] is hereby **GRANTED IN PART,** to clarify that the filing requirement is 30 days, and **DENIED IN PART**.

**SO ORDERED**.

Signed: December 20, 2011

Graham C. Mullen
United States District Judge