IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-00122

| | |
|---|---|
| SLEP-TONE ENTERTAINMENT CORPORATION<br>　　　　　Plaintiff,<br><br>v.<br><br>ROBERT MAINVILLE, *et al*,<br>　　　　　Defendants. | ORDER |

THE MATTER comes now before the Court upon Defendants Collin Yarbrough's and Steven Penny's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41(b) [D.I. 46], and upon Defendant Rick Barefoot's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41(b). [D.I.48]. Plaintiff filed a timely Response in Opposition [D.I. 49] and Defendants entered a Notice of their intent not to file a reply. [D.I. 50]. The Motions to Dismiss are ripe for determination and the Court will address these motions together.

## I. BACKGROUND

Plaintiff Slep-Tone Entertainment Corporation commenced this action on March 11, 2011, by filing a Complaint against twenty-three individual and corporate Defendants who work in North Carolina's karaoke music industry. Several Defendants filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). [D.I. 20, 24, 25]. At hearing on those motions, Plaintiff represented that it was in possession of sworn investigative reports and the Court instructed Plaintiff to file the reports under seal to supplement its Complaint. Plaintiff complied with the Court's instruction to file the investigative reports. [D.I. 33]. The Court, *sua sponte*, also instructed Plaintiff to submit additional briefing on the issue of whether joinder of twenty-three

individual and corporate Defendants was proper. Plaintiff and Defendants filed briefs in support of and in opposition to joinder. [D.I. 34, 36].

On October 6, 2011, the Court entered an Order denying the 12(b)(6) motions to dismiss on grounds that the Complaint, when reviewed in conjunction with the investigative reports, met the *Twombly* and *Iqbal* standards. [D.I. 37]. The Order also severed the claims against all Defendants except the first-named Defendant, finding joinder of the twenty-three Defendants improper. *Id*. The Court instructed Plaintiff to file separate actions against each of the remaining Defendants in the venue where the Defendant resides within thirty (30) days or face dismissal with prejudice of those claims not pursued within the thirty day time period. *Id*.

On November 7, 2011, Plaintiff filed a Motion for Reconsideration of the October 6 Order [D.I. 38] and Plaintiff filed a Motion for Extension of Time to File an Appeal of the October 6 Order. [D.I. 39]. The Court granted the Motion for Extension of Time. [D.I. 40]. On December 5, 2011, Plaintiff filed a Supplemental Status Report notifying the Court that it filed four (4) new actions against five (5) Defendants in the U.S. District Court for the Eastern District of North Carolina[1] and moving the Court to transfer its severed actions against those Defendants to the Eastern District of North Carolina. [D.I. 42]. Subsequently, the Court granted in part the Motion for Reconsideration only to correct a typographical error in the October 6 Order to clarify that the Plaintiff had thirty days to file the separate actions against remaining Defendants. [D.I. 45].

---

[1]The four new actions are: (1) *Slep-Tone Entertainment Corporation v. Yarbrough et al.,* No. 5:11-cv-695-BO, naming Defendant Collin Yarbrough; (2) *Slep-Tone Entertainment Corporation v. Powers et al.*, No. 5:11-cv-696-BO, naming Defendants Nona Powers and Stephen Winn; (3) *Slep-Tone Entertainment Corporation v. Barefoot et al.,* No. 5:11-cv-698-D, naming Defendant Rick Barefoot; and (4) *Slep-Tone Entertainment Corporation v. Penny et al.,* No. 5:11-cv-701-BO, naming Defendant Steven Penny.

## II. LEGAL STANDARD

Fed. R. Civ. P. 41(b) states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as an adjudication on the merits.

The Fourth Circuit recognizes the authority that Rule 41(b) gives courts "to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). "[D]istrict courts must be allowed sufficient disciplinary authority to control their dockets. Without the ability to exact significant penalties when parties ignore court orders, district courts would be left with nothing but hollow threats of dismissal." *Heyman v. M.L. Marketing Co.*, 116 F.3d 91, 96 (4th Cir. 1997).

Dismissal is a severe sanction that should not be invoked lightly. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). A District Court must consider four factors in determining whether to dismiss a claim with prejudice under Rule 41(b): (i) the degree of personal responsibility on the part of the Plaintiff; (ii) the amount of prejudice to the Defendant caused by the delay; (iii) a clear record of delay or contumacious conduct by the Plaintiff; and (iv) the effectiveness of sanctions less drastic than dismissal. *Ballard*, 882 F.2d at 95 (internal quotation marks omitted); *see Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982).

The four factors discussed in *Chandler*, however, are not a rigid four-pronged test and the propriety of a dismissal of the type involved here depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. A District Court need not engage in a rigid application of this test when a litigant ignores an express warning that failure to comply with an Order will result in the

dismissal of his claim. *Id* at 95-96; *see Tolliver v. Northrop Corp.*, 786 F.2d 316, 319 (7th Cir. 1986) (noting importance of warning prior to dismissal); *Davis*, 588 F.2d at 71 (same). The requirement for an express warning is explained in *Choice Hotels Intern., Inc. v. Goodwin & Boone*, 11 F.3d 469, 473 (4th Cir 1993):

> [This Court] holds only that when district courts choose to impose such conditions on plaintiffs and to enforce them with the "harsh sanction" of prejudicial dismissal, *Chandler Leasing Corp.*, 669 F.2d at 920, they must make the threat of this sanction explicit and clear so that there can be no question, as there is in this case, as to whether a plaintiff who did not satisfy the conditions understood that, by not satisfying them, he faced prejudicial dismissal. This explicit and clear notice is demanded both by fairness to the plaintiff and by the "sound public policy of deciding cases on their merits," *Herbert v. Saffel*, 877 F.2d 267, 269 (4th Cir. 1989) (quotation omitted), and poses no significant burden on district courts.

### III. ANALYSIS

Defendants make the following argument in favor of dismissal of Plaintiff's claims with prejudice pursuant to Rule 41(b): (1) that the Court's Order provided Plaintiff clear and explicit warning, and Plaintiff failed to comply with the Order; and (2) that the *Chandler/Ballard* test weighs in favor of dismissal. [D.I. 47, 48-1].

The Court finds it unnecessary to engage in the four-part *Chandler/Ballard* test. Rather, the Court notes that Plaintiff sufficiently complied with the terms of the October 6 Order insofar as Plaintiff initiated several new actions in the U.S. District Court for the Eastern District of North Carolina and paid the requisite filing fees for those actions. Plaintiff did file a timely Motion for Reconsideration of the October 6 Order and a timely Motion for Extension of time in which to file an appeal of that Order. Furthermore, if Plaintiff filed a motion for extension of time in which to comply with the terms of the October 6 Order, then the Court would have been inclined to grant such a motion.

Here, the Court finds it prudent to follow the "sound public policy of deciding cases on their merits." *Choice Hotels*, 11 F.3d at 473; *quoting Herbert*, 877 F.2d at 269. Accordingly, the Defendants' Motions to Dismiss are **DENIED**. The Court hereby **ORDERS** that the five severed Defendants[2] against whom new actions have been brought in the U.S. District Court for the Eastern District of North Carolina are **TRANSFERRED** to that District.

**IT IS SO ORDERED**.

Signed: February 7, 2012

Graham C. Mullen
United States District Judge

---

[2]Those Defendants are Collin Yarbrough, Nona Powers, Stephen Winn, Rick Barefoot, and Steven Perry.